NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRIS RAYMON MCCLAIN,

        Petitioner - Appellant,

  v.

RYAN THORNELL, Director of the
Arizona Department of Corrections,
Rehabilitation; KRIS MAYES;
ATTORNEY GENERAL OF THE STATE
OF ARIZONA,

        Respondents - Appellees,

----------------------------------------

UNITED STATES OF AMERICA,

        Intervenor.

No. 24-797

D.C. No.
3:23-cv-08056-SPL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 24, 2025
Submission Withdrawn October 27, 2025
Resubmitted June 2, 2026
Phoenix, Arizona

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and BADE, Circuit Judges, and NAVARRO, District Judge. **

Kris McClain appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

1. McClain first argues that, after the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), federal courts cannot apply the Antiterrorism and Effective Death Penalty Act's ("AEDPA") highly deferential standard when reviewing state court decisions. This argument is foreclosed by *Bradford v. Vang*, No. 23-99005, 2026 WL 1340217 (9th Cir. May 14, 2026), which was decided after briefing. *See id.* at *17 ("AEDPA's requirement that a federal habeas court must apply a 'highly deferential standard' in reviewing a state court's resolution of a federal constitutional claim raises no constitutional concerns under *Loper Bright* or otherwise.").

We review de novo the district court's denial of habeas relief. *Ybarra v. McDaniel*, 656 F.3d 984, 989 (9th Cir. 2011). Under AEDPA, we may grant relief only if the state court's adjudication on the merits was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

_____

** The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sitting by designation.

the Supreme Court of the United States," or (2) "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

2. The Arizona Court of Appeals concluded that McClain was not in custody for the purposes of *Miranda* before he was placed under arrest at the hospital. *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966). The state court's determination that McClain was not in custody was neither contrary to, nor an unreasonable application of, clearly established federal law. Contrary to McClain's argument that the state court took a piecemeal approach, the Arizona Court of Appeals identified the correct totality-of-the-circumstances test, *see Stansbury v. California*, 511 U.S. 318, 322 (1994) (per curiam), and reasonably applied it to McClain's case, *see Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (explaining that overcoming AEDPA deference requires the application of precedent be "objectively unreasonable," not just "erroneous" (citation omitted)).

3. McClain next asserts that the state court's conclusion that his statements were voluntary is contrary to clearly established federal law because the facts here are materially indistinguishable from those in *Mincey v. Arizona*, 437 U.S. 385 (1987). *See Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). In *Mincey*, the defendant had been wounded in a gun battle with the police and was found "lying on the floor, wounded[,] and semiconscious." 437 U.S. at 387. The Court

concluded that Mincey's statements made to the police from a hospital bed were not voluntary, explaining that "Mincey was weakened by pain and shock, isolated from family, friends, and legal counsel, and barely conscious, and his will was simply overborne." *Id.* at 401–02.

This case is distinguishable. Although there is evidence that McClain appeared disoriented and confused at the scene of the accident, there is no evidence to suggest that his confusion persisted while he was being questioned at the hospital. Further, given his lack of disorientation at the hospital, McClain's requests for a lawyer at the hospital could support, rather than undermine, the state court's finding that McClain's free will was not overborne as Mincey's was. *See id.* at 399.

4. We decline to expand the certificate of appealability to address McClain's uncertified claims. McClain has not made a substantial showing that his constitutional sentencing error claims were not procedurally defaulted or that his double jeopardy claim was not barred under Arizona's waiver bar. He also has not met his burden of showing that the introduction of his DUI conviction violated his due process rights because he fails to point to United States Supreme Court precedent to support his argument. In sum, McClain has not made a "substantial showing of the denial of [his] constitutional right" as to any of the uncertified issues. *Catlin v. Broomfield*, 124 F.4th 702, 721 (9th Cir. 2024) (quoting

*Robertson v. Pichon*, 849 F.3d 1173, 1187 (9th Cir. 2017)), *cert. denied*, 146 S. Ct. 333 (2025).

**AFFIRMED.**